# In the United States Court of Federal Claims

No. 15-343C

(Filed: September 2, 2015)

**FILED**

SEP - 2 2015

U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PATRICK BAKER,

    Plaintiff,

v.

THE UNITED STATES,

    Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Claims for Breach of Employment Settlement Agreement, Discrimination, Defamation of Character, Infliction of Emotional Distress, and Retaliation; Subject Matter Jurisdiction; Lack of Money-Mandating Source of Law or Settlement Provision.

*Patrick Baker*, appearing *pro se*, Texarkana, Arkansas, Plaintiff.

*Daniel S. Herzfeld*, with whom were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, and *Claudia Burke*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., *Michael J. Carlson*, United States Army Litigation Division, Of Counsel, for Defendant.

## DISMISSAL ORDER

WHEELER, Judge.

  Plaintiff Patrick Baker filed a *pro se* complaint in this Court on April 1, 2015. Mr. Baker previously was an employee at the Red River Army Depot in Texarkana, Texas. On or about the morning of November 12, 2008, Mr. Baker and a co-worker drank alcohol before coming to work, and a supervisor questioned them about their alcohol use. Mr. Baker stated that he was asked either to resign and return to a prior position with a private company or to be involuntarily terminated. He elected to resign, but he later discovered that his co-worker was allowed to continue his employment.

  In 2009, Mr. Baker filed a discrimination claim against the Army. On August 11, 2009, Mr. Baker settled his discrimination claim with the Army by executing a Negotiated

Settlement Agreement ("NSA"). The Army agreed to place Mr. Baker on a "time limited appointment as a Heavy Mobile Equipment Repairer WG-5803-08 in the Directorate for Maintenance Production, Travel Division effective not later than September 14, 2009." Compl., Att. at 12. Mr. Baker agreed that "his appointment is contingent upon his meeting physical requirements for the aforementioned position and meeting all suitability requirements for placement." Id. The Army also agreed to pay $5,000 each to Mr. Baker and his attorney. Id. at 12-13.

The NSA included two paragraphs providing a remedy to Mr. Baker if he believed the Army failed to comply with its terms:

> 6. If the complainant believes the Army has failed to comply with the terms of this settlement agreement, the complainant shall notify the Director, Equal Employment Opportunity Compliance and Complaints Review (EEOCCR), ATTN: SAMR-EO-CCR, 1901 South Bell Street, suite 109B, Arlington, VA 22202-4508, in writing, of the alleged noncompliance within 30 calendar days of when the complainant knew or should have known of the alleged noncompliance. A copy should be sent to the activity EEO Officer.
>
> 7. The complainant may request that the terms of the settlement agreement be specifically implemented or, alternatively, the complaint be reinstated for further processing from the point processing ceased. If the Director, EEOCCR has not responded to the complainant in writing, or if the complainant is not satisfied with the attempts to resolve the matter, the complainant may appeal to the Equal Employment Opportunity Commission (EEOC) for a determination as to whether or not the Army has complied with the terms of this settlement agreement. The complainant may file such an appeal to the EEOC 35 calendar days after service of the allegation of noncompliance upon EEOCCER, but not later than 30 calendar days after receipt of the Army determination.

Compl., Att. at 13 (emphasis in original). On August 18, 2009, within eight days of executing the NSA, the State of Arkansas charged Mr. Baker with third degree domestic battery. Compl., Att. at 26. He was convicted on December 6, 2010 and sentenced to 12 months of probation. Id.

2

After his conviction, Mr. Baker applied for employment with URS Corporation, a contractor performing work at the Red River Army Depot. Compl. at 2. However, based on his recent criminal conviction, Mr. Baker was told he was "unsuitable to gain access to the depot premises, which negated an employment offer with URS." EEOC Decision, Appendix ("A") 1. In response, Mr. Baker filed another discrimination claim against the Army on October 9, 2013. Id. The Army denied his claim, and Mr. Baker appealed to the EEOC, which dismissed his complaint as untimely. A2.

Mr. Baker appealed the EEOC decision to the U.S. District Court for the Eastern District of Texas, naming the Army and URS Corporation as defendants. A5. The District Court dismissed all of Mr. Baker's claims against the Army as untimely and for lack of jurisdiction, but preserved his action against the private defendant. A27-28.

Mr. Baker also claims the Internal Revenue Service ("IRS") wrongfully garnished his tax refund relating to his resignation from the Army. However, the Defense Finance and Accounting Service ("DFAS") concluded that the Army had overpaid Mr. Baker for the pay period November 8, 2008 to November 22, 2008, as Mr. Baker had resigned in the middle of the pay period on November 12, 2008. Compl. at 2, Att. at 16-17, 46. Accordingly, the IRS reduced a payment to Mr. Baker on February 8, 2012 by the amount due from his previous overpayment. Compl., Att. at 21.

In Mr. Baker's April 1, 2015 complaint in this Court, he alleges (1) racial discrimination, (2) defamation of character and infliction of emotional distress, (3) retaliation, and (4) breach of contract. The Government moved to dismiss Mr. Baker's complaint on July 15, 2015 for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Mr. Baker replied on August 6, 2015, and filed a sur-reply on August 21, 2015. He also filed a motion for summary judgment on August 14, 2015. For the reasons explained below, the Court GRANTS the Government's motion to dismiss, and DENIES Mr. Baker's motion for summary judgment as MOOT.

Discussion

The Tucker Act, 28 U.S.C. § 1491, limits the jurisdiction of the U.S. Court of Federal Claims to "claim[s] against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." § 1491(a)(1). The Court lacks jurisdiction over claims brought under Title VII of the Civil Rights Act. See Gardner v. United States, 439 Fed. App'x 879, 881 (Fed. Cir. 2011) ("The Court of Federal Claims . . . does not have jurisdiction over

3

Title VII claims."). Mr. Baker's first claim of racial discrimination, brought under Title VII, is thus outside the Court's jurisdiction.

The Tucker Act also states that the Court of Federal Claims lacks jurisdiction over claims sounding in tort. § 1491(a)(1). Mr. Baker's next two claims, for defamation of character, infliction of emotional stress, and retaliation, are tort theories of recovery. Therefore, they are similarly barred from adjudication in this Court.

Mr. Baker also alleges that the IRS wrongfully garnished his tax refund. The Court can only hear claims derived from sources of law that are money-mandating. See § 1491(a)(1); Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005). A source of law, such as a constitutional provision, statute, or regulation, "is money-mandating for jurisdictional purposes if it can fairly be interpreted as mandating compensation for damages sustained as a result of the breach of the duties it imposes." Fisher, 402 F.3d at 1173. The Debt Collection Improvement Act ("DCIA"), Pub. L. No. 104–134, § 31001, 110 Stat. 1321–358, 1321–358 to 1321–380, permits the United States to collect debts from individuals and to report these debts to credit bureaus. See 31 U.S.C. §§ 3701, 3702, 3711, 3716. After first trying to collect a claim under § 3711, the head of an agency may collect the claim by administrative offset under § 3716. Using the authority of the DCIA, the IRS offset Mr. Baker's tax refund for his unpaid, nontax debt. Importantly, §§ 3711 and 3716 do not contain remedial language mandating a payment of money damages. Also, this Court has previously held that those code sections are not money-mandating sources of law, and claims brought under those sections are outside this Court's jurisdiction. See McNeil v. United States, 78 Fed. Cl. 211, 228 (2007) ("Sections 3701, 3702, 3711, and 3716 are not money-mandating sources of jurisdiction in this court."), aff'd, 293 Fed. App'x 758 (Fed. Cir. 2008) (unpublished per curiam); see also Powers v. United States, 2015 WL 4931482 at *6 (Fed. Cl. Aug. 18, 2015). Accordingly, Mr. Baker's claim regarding the administrative offset of his nontax debt is outside of this Court's jurisdiction.

The last claim in Mr. Baker's complaint is for breach of contract. For the Court to have jurisdiction over a breach of contract claim, the plaintiff must demonstrate that the contract provides monetary relief for a breach. See Higbie v. United States, 778 F.3d 990, 993 (Fed. Cir. 2015). The Federal Circuit has noted that "money damages appear not to be the routine remedy for the breach of a settlement involving an employment dispute. Typically, the employee's remedy is enforcement of the settlement terms or rescission of the settlement agreement and reinstatement of the underlying action." Holmes v. United States, 657 F.3d 1303, 1315 n.8 (Fed. Cir. 2011). Indeed, Mr. Baker's NSA with the Army limited his remedy to non-monetary relief and specified a dispute resolution process with which Mr. Baker never complied.

Mr. Baker alleges that the Army failed to reinstate him as a Heavy Mobile Equipment Repairer. This provision of the NSA does not involve monetary relief. Instead, the bargained-for relief was a job appointment. The Court finds that a breach of this provision does not mandate an award of money, but enforcement of the job appointment. Accordingly, a dispute over this non-monetary provision is outside of the Court's jurisdiction. See Mata v. United States, 118 Fed. Cl. 92, 98 (2014) ("Because there is no money-mandating provision of the NSA currently before the court, the court no longer possesses jurisdiction over plaintiff's breach of contract claim."). Mr. Baker has not alleged that the Army failed to pay him or his lawyer the $5,000 payments contemplated in the NSA. Thus, no money-mandating provision of the NSA is currently before the Court, and the complaint must be dismissed.

The Court also notes that if it were to find jurisdiction, Mr. Baker has failed to plead an actual breach of the NSA. The NSA language provided that Mr. Baker had to meet all suitability requirements for placement in the repairer position. Prior to placement, Mr. Baker was arrested and convicted of third degree domestic battery. Under these new circumstances, the Army determined that Mr. Baker was unsuitable for the position, which required passing a Public Trust background investigation. Mr. Baker fails to identify how the plain language of the NSA was breached by anyone other than himself. The Army upheld its agreement to place him in the job conditioned upon his meeting of all suitability requirements. Mr. Baker's own criminal actions led to his loss of the position.

For the reasons stated above, the Court GRANTS the Defendant's motion to dismiss for lack of subject matter jurisdiction, and DENIES Mr. Baker's motion for summary judgment as MOOT. The Clerk is requested to dismiss the Plaintiff's complaint.

IT IS SO ORDERED.

*Thomas C. Wheeler*
THOMAS C. WHEELER
Judge