# In the United States Court of Federal Claims

No. 15-343C

(Filed: March 22, 2017)

FILED
MAR 2 2 2017
U.S. COURT OF
FEDERAL CLAIMS

```
*******************************  *
                                 *
PATRICK D. BAKER,                *
                                 *
                   Plaintiff,    *   Cross-Motions for Summary Judgment;
                                 *   Claims for Breach of Settlement
v.                               *   Agreement; Agency Assessment of
                                 *   Employee Suitability; Failure to Perform
THE UNITED STATES,               *   a Condition Precedent.
                                 *
                   Defendant.    *
                                 *
*******************************  *
```

*Patrick D. Baker*, appearing *pro se*, Texarkana, Arkansas, Plaintiff.

*Daniel S. Herzfeld*, with whom were *Chad A. Readler*, Acting Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, and *Claudia Burke*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., *Michael J. Carlson*, United States Army Litigation Division, Of Counsel, and *Rod LaGrone*, Red River Army Depot, Legal Office, for Defendant.

## OPINION AND ORDER

WHEELER, Judge.

*Pro se* Plaintiff, Patrick Baker, appears before this Court on remand from the Federal Circuit seeking $350,000 for breach of contract. Compl. at 2. Mr. Baker filed a motion for summary judgment arguing that the United States Army breached his Negotiated Settlement Agreement ("Agreement") when it declined to offer him the employment contemplated in the Agreement. Pl.'s Mot. at 1. This Court DENIES Mr. Baker's motion for summary judgment and GRANTS the Government's cross-motion for summary judgment because the undisputed facts demonstrate that the Army appropriately denied Mr. Baker employment consistent with the Agreement.

7014 1200 0000 9093 7061

## Background

The Army hired Mr. Baker as a limited term employee to repair military equipment. Def.'s Cross-Mot., Att. at 16. On November 12, 2008, Mr. Baker and a co-worker drank alcohol before coming to work at the Red River Army Depot in Texarkana, Texas. Baker v. United States, 123 Fed. Cl. 203, 204 (2015). Following an investigation, Mr. Baker resigned. Upon discovering that his co-worker was allowed to continue employment, Mr. Baker filed a racial discrimination claim against the Army. Id. On August 11, 2009, Mr. Baker settled his discrimination claim by executing the Agreement which provided for "time limited appointment as a Heavy Mobile Equipment Repairer WG-5803-08 in the Directorate for Maintenance Production, Travel Division effective not later than September 14, 2009." Id. Additionally, the Agreement provided that "[Mr. Baker's] appointment is contingent upon his meeting physical requirements for the aforementioned position and meeting all suitability requirements for placement." Pl.'s Mot., Att. at 1.

One week later, Mr. Baker was arrested after he shot a firearm through the front door of his child's mother's home, striking her in the leg. The State of Arkansas charged Mr. Baker with "second degree domestic battery, a terroristic act" which is a felony punishable by three to ten years imprisonment and a $10,000 fine. Def.'s Cross-Mot., Att. at 7, 11. Mr. Baker was initially unable to pay his bond and remained in custody until October 26, 2009.[1] Id., Att. at 8-14.

While Mr. Baker was in jail an Army human resources specialist, Ms. Shirley Hickson, attempted to contact him to complete the hiring process by the September 14, 2009 deadline in the Agreement. Id., Att. at 16-17. Despite multiple attempts, Ms. Hickson was unable to reach Mr. Baker until October 22, 2009. Id., Att. at 17. In November 2009, during Mr. Baker's employment medical exam, Mr. Baker completed the Declaration of Federal Employment Form (Option Form 306) which assesses a job candidate's suitability.[2] Id., Att. at 17, 36. Option Form 306 included the following question: "Are you now under charges for any violation of law?" Id. After Mr. Baker revealed his pending criminal charges, Ms. Hickson "informed Mr. Baker that the Army could not hire him at that time because he has pending criminal charges, which rendered him unsuitable for employment . . . ." Id., Att. at 17.

---

[1] On July 8, 2010, Mr. Baker pled guilty to third degree misdemeanor domestic battery and the State of Arkansas sentenced him to twelve months' probation. Def.'s Cross-Mot., Att. at 40. Through correspondence with Mr. Baker's attorney, the Army was aware of the possibility of a plea bargain reducing Mr. Baker's charge to a misdemeanor. However, Mr. Baker's attorney stated that he was awaiting confirmation from the prosecutor and "[cannot] dispose of the case right now." Id., Att. at 25.

[2] Mr. Baker filed a Freedom of Information Act request seeking a copy of the Declaration of Federal Employment Form he filled out in 2009, but the Government has been unable to produce it. Def.'s Cross-Mot. at 6. Pursuant to the Army's document retention policy, this form was likely destroyed after two to three years. Id., Att. at 49-50.

After unsuccessfully appealing this decision with the Army and Equal Employment Opportunity Commission, Mr. Baker filed a complaint at this Court on April 1, 2015 alleging racial discrimination, defamation of character, emotional stress, retaliation and breach of contract. Baker, 123 Fed. Cl. at 205. While this Court dismissed all of Mr. Baker's claims for lack of subject-matter jurisdiction, only the breach of contract claim is currently at issue. This Court held that Mr. Baker had identified no money-mandating statute or contract provision in the Agreement as required by the Tucker Act. Id. at 206. The Federal Circuit affirmed this Court's dismissal of all of Mr. Baker's claims except the breach of contract claim because the Agreement provision entitling Mr. Baker to employment could be fairly read as a money-mandating contract provision. Baker v. United States, 642 Fed. App'x 989, 993 (Fed. Cir. 2016). As to the breach of contract claim, the Federal Circuit reversed and remanded for further proceedings. Id.

Mr. Baker now argues that the decision of the Federal Circuit entitles him to summary judgment on his breach of contract claim. Pl.'s Mot. at 2. In response, the Government filed a cross-motion for summary judgment arguing that Mr. Baker's admission of pending criminal charges rendered him unsuitable for employment and, further, Mr. Baker was unavailable to perform the work contemplated in the Agreement on September 14, 2009. Def.'s Cross-Mot. at 7, 10. Mr. Baker does not dispute that he had pending criminal charges and was incarcerated on September 14, 2009. Pl.'s Resp. at 2, 5. Instead, Mr. Baker argues that pending criminal charges could not have rendered him unsuitable for employment so long as he was physically able to perform the required work. Id. at 3 ("[P]ending [criminal] charges does not [entitle] the Defendant [to] Summary Judgment [because] we know from Medical Records I was available and his defense is I was not suitable.").

The cross-motions for summary judgment were fully briefed on March 16, 2017 and the Court deems oral argument unnecessary.

Discussion

As a preliminary matter, the Federal Circuit's decision in this case does not entitle Mr. Baker to summary judgment. The Federal Circuit held that Mr. Baker's breach of contract claim could not be dismissed because "[t]aken as a whole, and read generously, Mr. Baker's complaint alleges that the Army breached the settlement agreement . . . ." Baker, 642 Fed. App'x at 993. This holding only mandates that the Court consider the merits of Mr. Baker's breach of contract claim but does not require the Court to find for Mr. Baker on the merits. Thus, this Court will consider Mr. Baker's claim under the standard of law appropriate for cross-motions for summary judgment.

Summary judgment should be granted when "there is no genuine issue as to any material fact" and "the movant is entitled to judgment as a matter of law." RCFC 56(a). A fact is "material" if it might significantly alter the outcome of the case under the

3

governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the initial burden of showing that there exists no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Summary judgment will not be granted if the "evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. However, when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Scott v. Harris, 550 U.S. 372, 380 (2007) (quoting Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

A. Mr. Baker's Pending Criminal Charges Rendered him Unsuitable for Employment.

The relevant facts are not in dispute. The sole issue is whether Mr. Baker's admission to pending criminal charges in November 2009 rendered him unsuitable for employment according to the Agreement.

An agency is entitled to "find an individual unsuitable for employment for criminal or dishonest conduct." Grayton v. Office of Personnel Mgmt., 411 Fed. App'x 328, 331 (Fed. Cir. 2011) (citing 5 C.F.R. § 731.202(b)(2)). In assessing suitability, an agency may consider the circumstances surrounding criminal or dishonest conduct and the recency of the offense. 5 C.F.R. § § 731.202(c)(2), (3), (4); Grayton, 411 Fed. App'x at 331. The Army explicitly included the suitability requirement in the Agreement as a condition on hiring Mr. Baker. "[Mr. Baker] understands that his appointment is contingent upon his meeting physical requirements . . . *and meeting all suitability requirements for placement.*" Pl.'s Mot., Att. at 1 (emphasis added). The Army assesses suitability, in part, with Option Form 306 which specifically asks whether an applicant has any pending criminal charges. Def.'s Cross-Mot., Att. at 17, 36. According to the Army's Suitability Handbook, an applicant with pending criminal charges is unsuitable for employment until the "case is disposed." Id. at 30. In November 2009, Mr. Baker honestly answered that he was currently facing criminal felony charges. Id. at 17. Mr. Baker was not sentenced until December 6, 2010, more than a year later. Id. at 38-40.

The facts, and the governing laws, are clear. The Army properly found Mr. Baker unsuitable using standard Army procedures. Mr. Baker's insistence that the Army may only consider his physical ability is simply contrary to the law and stated Army policy. See 5 C.F.R. § 731.202; Army Suitability Handbook, Def.'s Cross-Mot., Att. at 30. Moreover, the language of the Agreement demonstrates that the Army would consider non-physical suitability requirements. The Agreement conditioned Mr. Baker's employment on meeting both physical requirements and all suitability requirements. If all suitability requirements were identical with physical requirements then the inclusion of "all suitability requirements" would be meaningless. Physical requirements and suitability requirements are two independent types of requirements under the Agreement. Bruesewitz v. Wyeth LLC, 562 U.S. 223, 236 (2011) ("[L]inking independent ideas is the job of a coordinating junction like 'and' . . . .").

B. <u>Mr. Baker was Unavailable to Perform the Employment Contemplated in the Agreement.</u>

Mr. Baker was also unavailable to perform the job contemplated in the Agreement due to his incarceration and probation, and thus failed to satisfy a condition precedent to receiving compensation under the Agreement. A condition precedent is an act or event that must occur before a contractual right accrues. <u>Haddon Housing Assocs., LLC v. United States</u>, 99 Fed. Cl. 311, 326 (2011). In the case of an agreement to offer employment, the potential employee must actually be able to perform the employment contemplated in order to bind the potential employer to offer that employment. Otherwise, "[i]t would indeed be a gross injustice to make the [Government] pay damages for failing to do what cannot be done for the reason that the plaintiff has not made it possible." 8 CATHERINE M.A. MCCAULIFF, CORBIN ON CONTRACTS § 31.2, at 51 (Rev. ed. 1999).

The Agreement stated that the Army would provide Mr. Baker with a job offer in the "Travel Division" no later than September 14, 2009. Pl.'s Mot., Att. at 1. Employment in the Travel Division involves travel abroad to service Army needs in Iraq or Afghanistan. Def.'s Cross-Mot., Att. at 16. Mr. Baker was not released on bail until October 26, 2009. Id., Att. at 14. In December 2009, Mr. Baker was sentenced to twelve months' probation during which he would be required to report to a supervising officer and "permit him or her to visit [Mr. Baker] in [his] residence, place of employment, or other property." Pl.'s Resp., Att. at 2. Given Mr. Baker's incarceration and probation, he would have been unable to travel outside the country until at least December 2010, more than a year after he was meant to report for a time-limited position in the Travel Division. Thus, Mr. Baker was unavailable to perform the employment contemplated by the Agreement.

Conclusion

For the above reasons, Mr. Baker's motion for summary judgment is DENIED and the Government's cross-motion for summary judgment is GRANTED. This Opinion disposes of all remaining issues before this Court on remand. Thus, the clerk is directed to enter final judgment for the Government. No costs.

IT IS SO ORDERED.

*[signature]*

THOMAS C. WHEELER
Judge